# FIDELITY TRUST AND SAFETY VAULT COMPANY *v.* LOUISVILLE.

## SAME *v.* STONE, Auditor.

# LOUISVILLE TRUST COMPANY *v.* LOUISVILLE.

## SAME *v.* STONE, Auditor.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KENTUCKY.

Nos. 406, 407, 408, 409. Argued February 28, March 2, 1899. — Decided May 15, 1899.

On the authority of *Citizens' Savings Bank of Owensboro* v. *Owensboro*, 173 U. S. 636, and *Stone* v. *Bank of Commerce, ante*, 412, the decrees below are affirmed.

In these cases the respective trust companies who are appellants, all four being Kentucky corporations chartered subsequent to the year 1856, filed their respective bills to enjoin the assessment and collection of certain taxes. The want of power to assess and collect the taxes complained of was in each bill made to depend upon two substantially identical grounds, which were briefly these:

First. That a legislative act of the State of Kentucky, passed in 1886, and designated as the Hewitt Act, had created an irrevocable contract between the State and the complainants, from which it arose that the taxes sought to be enjoined could not be assessed and collected without violating the clause of the Constitution of the United States forbidding impairment by a State of the obligations of a contract.

Second. That in a suit previously brought by the Louisville Banking Company, a Kentucky corporation, it had been finally decided by the Court of Appeals of the State of Kentucky that the act in question (the Hewitt Act) had created in favor of the corporations accepting its provisions an irrevocable contract, which could not be impaired without violating the Constitution of the United States. It was averred in each of

the bills that, although the complainants were not parties to the suit brought by the Louisville Banking Company, they were each, nevertheless, privies to the record and decree rendered therein, because of a certain agreement, which, it was averred, had been entered into between the complainants, the commissioners of the sinking fund and the city of Louisville, through the city attorney, from which the privity relied on was asserted to have been created. The agreement in question was stated in full in each of the bills. By virtue of the privity thus asserted the decree rendered in favor of the Louisville Banking Company was pleaded as establishing conclusively, by the estoppel arising from the thing adjudged, the irrevocable nature of the contract springing from the Hewitt Act and the want of power to impair it by assessing or collecting the taxes in controversy. The court below decided that the complainants were not privies to the decision in the case of the Louisville Banking Company, because there was such a difference between the business of a banking company proper and that of a trust company that neither the commissioners of the sinking funds nor the city attorney of the city of Louisville had lawful power to agree that the liability of the trust companies to taxation should abide the result of the case brought by the Louisville Banking Company to test the right to tax it contrary to the contract which it was charged the Hewitt Act had embodied. Because of the want of privity held not to exist, for the reason just stated, the court below decided that the plea of the thing adjudged was untenable. On the merits of the case, the court below held that, as each of the complainants had been chartered after the year 1856, subsequent to an act adopted by the Kentucky legislature in that year, reserving the right to repeal, alter or amend all charters thereafter granted, there was not an irrevocable contract, and, hence, that the levy of the taxes complained of did not impair contract obligations. For these reasons the court sustained demurrers to each of the bills, and dismissed them. 88 Fed. Rep. 407.

*Mr. Henry L. Stone* for Louisville.

*Mr. Alexander Pope Humphrey, Mr. Frank Chinn, Mr. James P. Helm* and *Mr. John W. Rodman* for the banks.

Mr. Justice Peckham, after making the above statement, delivered the opinion of the court.

It is unnecessary to determine whether the distinction between the business of a bank and that of a trust company was such as to cause it to be illegal to have agreed that the liability of the trust companies to taxation contrary to the Hewitt Act should abide the result of the controversy as to the Louisville Banking Company, since we have just decided in *Samuel H. Stone, Auditor, et al.,* v. *Bank of Commerce*, No. 362, *ante*, 412, that, irrespective of any distinction which might exist between the business of a bank *eo nomine* and that of a trust company, the commissioners of the sinking fund and the city attorney were without power to have made the agreement upon which the complainants relied in order to establish that they were privies to the decision in favor of the Louisville Banking Company. The plea of the thing adjudged depending upon the existence of privity being thus disposed of, there remains only to consider the alleged existence of an irrevocable contract arising from the Hewitt Act. That no such contract arose from that act as to corporations chartered after 1856, or whose charters were extended subsequent to that year, was decided in *Citizens' Savings Bank of Owensboro* v. *Owensboro*, 173 U. S. 636. Indeed, the opinion in that case and the opinion announced in *Stone* v. *Bank of Commerce, supra*, are decisive against the appellants, who were complainants below, as to every issue which arises for decision on these records, and the decrees below rendered are therefore

*Affirmed.*