174 U.S. 429 (1899)
FIDELITY TRUST AND SAFETY VAULT COMPANY
v.
LOUISVILLE.
SAME
v.
STONE, Auditor.
LOUISVILLE TRUST COMPANY
v.
LOUISVILLE. SAME
v.
STONE, Auditor.
Nos. 406, 407, 408, 409.
Supreme Court of United States.
Argued February 28, March 2, 1899.
Decided May 15, 1899.
APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KENTUCKY.
*430 Mr. Henry L. Stone for Louisville.
*431 Mr. Alexander Pope Humphrey, Mr. Frank Chinn, Mr. James P. Helm and Mr. John W. Rodman for the banks.
MR. JUSTICE PECKHAM, after making the above statement, delivered the opinion of the court.
It is unnecessary to determine whether the distinction between the business of a bank and that of a trust company was such as to cause it to be illegal to have agreed that the liability of the trust companies to taxation contrary to the Hewitt Act should abide the result of the controversy as to the Louisville Banking Company, since we have just decided in Samuel H. Stone, Auditor, et al., v. Bank of Commerce, No. 362, ante, 412, that, irrespective of any distinction which might exist between the business of a bank eo nomine and that of a trust company, the commissioners of the sinking fund and the city attorney were without power to have made the agreement upon which the complainants relied in order to establish that they were privies to the decision in favor of the Louisville Banking Company. The plea of the thing adjudged depending upon the existence of privity being thus disposed of, there remains only to consider the alleged existence of an irrevocable contract arising from the Hewitt Act. That no such contract arose from that act as to corporations chartered after 1856, or whose charters were extended subsequent to that year, was decided in Citizens' Savings Bank of Owensboro v. Owensboro, 173 U.S. 636. Indeed, the opinion in that case and the opinion announced in Stone v. Bank of Commerce, supra, are decisive against the appellants, who were complainants below, as to every issue which arises for decision on these records, and the decrees below rendered are therefore
Affirmed.